Ashburn, J.
This was an action, equitable in its nature, commenced by the plaintiff in error against the defendants in error, and one Albert Christy, in the Court of Common Pleas of Lucas county, March 30, 1870. The object of the proceeding was to obtain relief against a contract by which the plaintiff in error had been fraudulently induced, by the defendants in the action, as he claimed, to part with certain parcels of real estate of the value of $10,000, for worthless stock, at par, in a fictitious coal company. The case was heard at the October term, 1870, of the Common Pleas, and a judgment rendered for the plaintiff', against all the defendants for the full amount claimed. The defendants, James and William I. Kelly, appealed. At the April term, 1871, of the Disrtict Court of Lucas county, the case was again heard; and, in that court, judgment was rendered for the plaintiff' against the defendant, Christy; but as to the two Kellys the petition was dismissed. The plaintiff moved the court to set aside the finding in favor of the defendants, James and William I. Kelly, and for a new trial. This motion was overruled, and the plaintiff excepted. A bill of exceptions, embodying all the testimony, was taken and filed, and ordered to be made part of the record. The plaintiff comes into this court,-by petition in error, to reverse so much of the judgment of the District Court as exonerates the Kellys from liability.
It is claimed by plaintiff in error, that the District Court erred, as*to the law and facts of the case, in overruling his motion for a new trial.
■ In the view we have taken, it is not necessary to make a detailed statement of the pleadings and facts as shown to us by the volume of testimony embodied in the bill of exceptions. We have carefully examined and considered this testimony and the arguments of counsel. And, certainly, the losing pai’ty has furnished an unusually able and ex* • haustive argument, which has received a careful reading. *569 As the ease shapes itself before us, we are to determine, from the testimony applicable to the case under consideration, and the law in relation thereto, whether the District Court erred in overruling the motion of plaintiff for a new trial.
The plaintiff, in his petition, charges that defendants, Christy and the Kelly brothers, entered into a conspiracy to defraud him out of certain property named, and that they did cheat and defraud him by inducing him, through certain false representations and acts, to exchauge his real estate to defendant Christy for a certain amount of stock in a bubble named the “ Globe Coal and Mineral Company.” The defendants made a joint answer denying the material allegations set out in the petition; to this answer, plaintiff replied.
The fraud charged in the petition against Christy is proved with abundant clearness, and it remains to determine whether the defendants in error are, also, guilty of the fraud charged against them.
A portion of the testimony introduced on the trial could, properly, be applied only to the charge as affecting Christy, and now, that Christy is out' of the case here, such of the testimony as affected Christy only should be eliminated, and that portion considered only which relates to the charge against the Kelly brothers. We do this, without stopping to point it out specially.
The fact that Christy and the Kellys are jointly charged with a conspiracy to defraud plaintiff, and Christy is found guilty, does not raise even a presumption of guilt as to the Kelly brothers. If guilty, it must appear from the proofs and the necessary and legal presumptions arising out of the evidence as to them,
As a general principle, actual fraud when alleged as- a basis of an action will not be presumed. It must be proved by the party charging its existence, by such facts and circumstances as will make it manifest. Wright, 505. In cases where the fraud charged does, not involve a crime, it is not required to establish it beyond all doubt. It may, *570 like any other fact in civil actions, be shown by a preponderance of evidence, 17 Ohio St. 625. • Still, a charge of actual fraud — fraud in fact — must be established by facts, and circumstances that make out a subsisting fraud, substantially as charged, and can not be established by presumption alone.
We have searched this volume of testimony with care;: looked at it as shown and shadowed by counsel for plaintiff in his able brief and argument, and are yet unable to discover the alleged fraud so clearly as to warrant a reversal. It is true the Kelly brothers were, about the period of the alleged fraud, agents of the plaintiff'to sell a portion of his real estate, and did aid in and receive from plaintiff compensation for effecting the exchange. And it is true, that after the appearance of Christy and his introduction to plaintiff', after the coal and mineral stock bubble became in that community an exciting theme, and fortunes seemed almost within the grasp of the tempted, plaintiff', as it appears to us, acted chiefly if not wholly on his own judgment, — so much so, at least, as to release defendants from any presumptive consequences that would ordinarily arise out of the relation of principal and agent in the exchange of the property. Indeed, the testimony makes it quite clear that, plaintiff was not easily influenced by the advice and warnings of others, even wherUgiven on his own request. As evidence of this, we will give a single fact. At some time before the consummation of the trade, his suspicions were awakened as to this Christy, who had resided in Dayton, Ohio. In answer to an inquiry, he received and had in his possession the following letter, put in evidence on the trial:
“ Dayton, Ohio, October 9, 1869.
“ J. A. Landis :

“ Lear Nephew:

“ Tours of the 8th has been received. . . In reference to Coal Stock, do n’t touch it. I believe it to be a swindle from beginning to end. As to Mr. Christy, the less you have to do with him the better. His general reputa *571 tion for honesty is not good. These companies' are gotten* up for the purpose of selling stock, and may not be opened-for the next hundred years.
“ If you have a dog that you intend to kill, you might afford to trade him for a few thousand dollars of Mr. Christy’s stock, but do n’t trade anything else.
“ Hoping to see you soon, and with kindest regards to-yourself and all the friends, I am, yours truly,
“ T. N. Sowers.”
There are some facts disclosed by the testimony which, cast some degree of suspicion about the conduct of these-defendants in their relations to Christy and his coal and mineral stocks, but they do not, as. proven facts, assume and make clear that they were acting in concert with Christy to defraud plaintiff’, or that they were so acting on their own behalf.
The court that tried this action had an important advantage over this court, in the opportunity afforded to it of seeing the witnesses face to face, and, from that fact, was* in a better situation to determine the credibility of the witnesses, and the just effect to be given to their testimony. .Before a, reviewing court, deprived of this important test of the credibility of witnesses, will undertake to set aside the verdict of a jury, or finding of a court that refused a: new trial, it must be satisfied the verdict or finding is clearly against the just weight of the evidence.
Experience has taught the profession that the testimony of witnesses is not necessarily evidence. It is often a very imperfect medium through which evidence is to be obtained,, and the clearest judgment and closest scrutiny are often to* be exercised in separating the true from the false. But the testimony thus obtained, to become evidence in a given-case, must be both credible and applicable.
"When, in the trial,of an action, a conflict of testimony is manifest, especially when the witness has a deep interest' involved in the action, or from any cause has conceived a bias in favor of one of the parties to the action, one of the-surest tests of truth, or rather means of arriving at what* *572 truth, there is in. the witness’s testimony, is derived from a careful scrutiny of the witness while under examination Where that test is wanting, and the conflict in the testimony is clear and very considerable, the reviewing court must investigate at a great disadvantage, and will always hesitate, where no clear preponderance of evidence appears to favor the claim of the plaintiff in error, to reverse the finding and judgment of the trial court.
In the case in course of decision numerous witnesses, including the plaintiff in error and the defendants in error, were examined on the trial, in the presence of the District Court. Such testimony was reduced to writing, making, in the record, upward of a hundred pages of printed matter. We have had it under consideration as jurors, and the ■court is unable to find in this volume of conflicting statements a clear preponderance of proofs in favor of the claim •of plaintiff — such a state of proven and credible facts and circumstances as will enable us to say, without hesitation, the judgment of the District Court is clearly against the ■evidence.

Judgment of the District Court affirmed.

Scott, Chief Judge, Day, Wright, and Johnson, JJ., concurred.